**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **ERIC WILLIAMS, On Behalf of Himself and All Others Similarly Situated,**    ) ) ) | |
|     *Plaintiff*,    ) ) | **CLASS AND COLLECTIVE ACTION** |
| **v.**    ) ) | **CASE NO. _____** |
| **ROAD SCHOLAR STAFFING, INC.,**    ) ) ) | **JURY DEMAND** |
|     *Defendant*.    ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.      Plaintiff Eric Williams ("Plaintiff") brings this class and collective action against Defendant Road Scholar Staffing, Inc. ("Defendant") to recover unpaid compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and under the common law of contract and unjust enrichment. Plaintiff asserts the FLSA claims as a collective action on behalf of himself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiff asserts the contract and unjust enrichment claims as supplemental claims to the FLSA claims on behalf of all similarly situated individuals who opt into this action pursuant to *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567 (6th Cir. 2009) and on a class basis pursuant to Fed. R. Civ. P. 23.

2.      Plaintiff alleges that Defendant underpaid him and other truck drivers it employed for their mileage, failed to track all time they worked, and did not pay them for other types of compensation required under their employment contracts. These failures resulted in their effective hourly pay dropping below the $7.25 per hour minimum wage under the FLSA in many workweeks and violated the terms of their employment contracts, which entitled them to certain compensation for each mile they drove as well as layover, detention, and driver assist pay, among other types of

1

compensation. In the alternative to the violation of their employment contracts, the failure to pay all compensation Plaintiff and other drivers earned resulted in Defendant being unjustly enriched at their expense.

## I. JURISDICTION AND VENUE

3.     This Court has jurisdiction over Plaintiff's claim under the FLSA because it is brought pursuant to 29 U.S.C. § 216(b) and because it raises a federal question pursuant to 28 U.S.C. § 1331.

4.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

5.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district and because the claims arose in this judicial district.

## II. PARTIES

**A.     Plaintiff**

6.     Plaintiff Eric Williams is over the age of nineteen (19) and is a resident of Prichard, Mobile County, Alabama.

7.     Plaintiff was employed by Defendant as a truck driver from approximately April 2020 until November 2020.

**B.     Defendant**

8.     Defendant Road Scholar Staffing, Inc. is a Tennessee corporation with its principle place of business in this judicial district at 3200 West End Avenue, Suite 500 Nashville, Tennessee 37203-1322.

9.     Defendant employs individuals who are engaged in interstate commerce and/or in

2

the production of goods for interstate commerce.

10.     Defendant has at all relevant times been an employer within the meaning of the FLSA.

### III. FACTS

11.     Defendant hired Plaintiff as a truck driver in or around April 2020.

12.     Upon hiring, Plaintiff and other truck drivers employed by Defendant executed an employment contract entitling them to certain compensation for his services, including mileage pay, certain bonuses, layover pay, detention pay, and driver assist pay, among other compensation.

13.     On a regular and routine basis, Defendant failed to pay Plaintiff and other truck drivers all compensation they were owed pursuant to this agreement.

14.     For example, on a regular and routine basis, Defendant failed to pay Plaintiff and other truck drivers for, among other things:

      a.   all miles they drove;

      b.   all time worked; and,

      c.   all layover, detention, driver assist, and other forms of compensation earned.

15.     Plaintiff and other truck drivers typically worked long hours each week.

16.     For example, Plaintiff typically worked in excess of 100 hours each week.

17.     On a regular and routine basis, Defendant failed to accurately track the time Plaintiff and other truck drivers worked.

18.     Because Defendant did not accurately track the time worked by Plaintiff and other drivers and failed to pay them all compensation owed under their employment contracts, Defendant sometimes paid them less than $7.25 per hour.

19.     Defendant knew and acted with reckless disregard of the fact that its policies and

practices for paying truck drivers violate the FLSA.

## IV. COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiff asserts his FLSA and supplemental state law claims pursuant to 29 U.S.C.

§ 216(b) as a collective action on behalf of the following individuals:

> All current and former truck drivers employed by Defendant at any
> time since January 22, 2015.[1]

(the "FLSA Collective").

21.     Plaintiff's claims should proceed as a collective action because Plaintiff and other

truck drivers, having worked pursuant to the common policies and practices described herein, are

"similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

*See, e.g.*, *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 581 (6th Cir. 2009) ("[A]s long as

someone in a collective action has a FLSA claim, employees who are similarly situated can be part

of the collective action, even if the other employees only have supplemental claims."); *Miller v.

Jackson, Tenn. Hosp. Co.*, No. 3:10-cv-1078, 2011 WL 1060737, at *6 (M.D. Tenn. Mar. 21, 2011)

("[T]he class in an FLSA case may be a mix of individuals who have valid FLSA claims and those

who have supplemental claims.").

## V. CLASS ACTION ALLEGATIONS

22.     Plaintiff asserts his breach of contract and unjust enrichment claims as a class action

on behalf of himself and the following class of individuals pursuant to Fed. R. Civ. P. 23:

> All current and former truck drivers employed by Defendant at any
> time since January 22, 2015.

(the "Rule 23 Class").

---

[1]   The statute of limitations for Plaintiff's supplemental breach of contract and unjust enrichment
is six years. Tenn. Code Ann. § 28–3–109.

4

23.     Plaintiff is a member of the Rule 23 Class he seeks to represent.

24.     The Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1). There are dozens of class members during the class period.

25.     Plaintiff and members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Fed. R. Civ. P. 23(a)(2). Questions shared by Plaintiff and the Rule 23 Class include, but are not limited to: (1) whether Plaintiff and the Rule 23 Class entered into valid and enforceable contracts with Defendant; (2) whether, by performing work, Plaintiff and the Rule 23 Class satisfied the conditions precedent to receive compensation under their agreements with Defendant; (3) whether, by failing to pay all compensation owed to Plaintiff and the Rule 23 Class for their work, Defendant breached its agreements with Plaintiff and the Rule 23 Class; and (4) if the Court finds there was no valid or enforceable contract between Plaintiff and the Rule 23 Class on the one hand and Defendant on the other, whether Defendant was unjustly enriched by accepting the labor of Plaintiff and the Rule 23 Class without compensating them for this labor.

26.     Plaintiff's breach of contract and unjust enrichment claims are typical of the claims of the Rule 23 Class, thus satisfying Fed. R. Civ. P. 23(a)(3). Defendant's failure to pay them for their work as set forth in their contracts was not the result of any Plaintiff-specific circumstances. Rather, it arose from common pay policies and practices, which applied to all Rule 23 Class members.

27.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class. Plaintiff has no interest adverse to the Rule 23 Class and has retained competent counsel experienced in representing classes of employees against their employers related to their employers' failure to pay them properly under the law, thus satisfying Fed. R. Civ. P. 23(a)(4).

28.     By applying common pay policies and practices to all Rule 23 Class members resulting in a failure to pay them all compensation owed for their work, Defendant created a scenario where questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff is entitled to pursue his breach of contract and unjust enrichment claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## VI. CAUSES OF ACTION

### COUNT I
### FLSA MINIMUM WAGE VIOLATION

29.     All previous paragraphs are incorporated as though fully set forth herein.

30.     Plaintiff asserts this claim on behalf of himself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

31.     Plaintiff and similarly situated truck drivers are employees of Defendant entitled to the FLSA's protections.

32.     Defendant is an employer covered by the FLSA.

33.     The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

34.     Defendant failed to pay Plaintiff and those similarly situated for all of their work in accordance with their employment contracts and to accurately track their time worked as set forth herein.

35.     As a result of these failures, Defendant failed to pay Plaintiff and those similarly situated the full $7.25 per hour minimum wage under the FLSA in some workweeks.

36.     In violating the FLSA, Defendant acted willfully and with reckless disregard of

6

clearly applicable FLSA provisions.

**COUNT II**
**BREACH OF CONTRACT**

37.    All previous paragraphs are incorporated as though fully set forth herein.

38.    Plaintiff asserts this claim on behalf of himself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b), and on behalf of himself and the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

39.    Plaintiff and the Rule 23 Class entered into agreements with Defendant to perform work in exchange for compensation.

40.    Plaintiff and the Rule 23 Class performed all conditions precedent required of them under their agreements with Defendant.

41.    Defendant failed to pay Plaintiff and the Rule 23 Class for all of their work in accordance with their employment contracts.

42.    By failing to compensate Plaintiff and the Rule 23 Class for all work in accordance with their employment contracts, Defendant failed and refused to perform its obligations in accordance with the terms and conditions of their agreements with Plaintiff and the Rule 23 Class.

43.    Defendant therefore breached their agreements with Plaintiff and the Rule 23 Class.

44.    Plaintiff and the Rule 23 Class are entitled to all damages resulting from Defendant's breach.

**COUNT III**
**UNJUST ENRICHMENT**
**(asserted in the alternative to Count II)**

45.    All previous paragraphs are incorporated as though fully set forth herein.

46.    Plaintiff asserts this claim in the alternative to Count II.

47.    Plaintiff asserts this claim on behalf of himself and all similarly situated individuals

7

who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b), and on behalf of himself and the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

48.     Defendant is obligated to pay Plaintiff and the Rule 23 class for all work they have performed.

49.     Plaintiff and the Rule 23 Class performed work for Defendant.

50.     Defendant failed to pay Plaintiff and the Rule 23 Class for all of their work.

51.     Defendant has received the benefit of the labor of Plaintiff and the Rule 23 Class without compensating them in full for that work.

52.     Defendant was aware of and appreciated the benefit that Plaintiff and the Rule 23 Class conferred on it.

53.     Defendant has therefore been unjustly enriched by accepting the work performed by Plaintiff and the Rule 23 Class without proper compensation.

54.     It would be unjust to allow Defendant to enjoy the fruits of the labor of Plaintiff and the Rule 23 Class without proper compensation.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

A.     An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Rule 23 Class;

B.     Prompt notice of this litigation to all similarly situated employees pursuant to 29 U.S.C. § 216(b) and to all members of the Rule 23 Class pursuant to Fed R. Civ. P. 23;

C.     A finding that Defendant has violated the FLSA;

8

D.     A finding that Defendant's FLSA violations are willful;

E.     A judgment against Defendant and in favor of Plaintiff and all similarly situated employees for all unpaid and underpaid wages that Defendant has failed and refused to pay in violation of the FLSA;

F.     A finding that Defendant has breached its contracts with Plaintiff, those similarly situated, and the Rule 23 Class or, in the alternative, that Defendant has been unjustly enriched by accepting the benefit of the unpaid labor of Plaintiff, those similarly situated, and the Rule 23 Class;

G.     A judgment against Defendant and in favor of Plaintiff, those similarly situated, and the Rule 23 Class for all damages resulting from Defendant's breach of their contracts, including, but not limited to, all compensation owed for work performed and all consequential damages, or, in the alternative, for all amounts by which Defendant have been unjustly enriched by accepting the benefit of the unpaid labor of Plaintiff, those similarly situated, and the Rule 23 Class;

H.     Liquidated damages to the fullest extent permitted under the FLSA;

I.     Pre-judgment and post-judgment interest to the fullest extent permitted under the FLSA and the law;

J.     Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA, the common law, and the Federal Rules of Civil Procedure; and,

K.     Such other and further relief as this Court deems just and proper in equity and under the law.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: January 22, 2021

Respectfully submitted,

/s/ Joshua A. Frank
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiffs*